## SIMON et al. v. FRANKFORT DISTILLERY, Inc.

(Circuit Court of Appeals, Sixth Circuit. December 9, 1924.)

No. 4095.

1. **Internal revenue 🔑4 — Regulations of Commissioner of Internal Revenue pursuant to Concentration Act have force and effect of law.**

Regulations adopted and promulgated by Commissioner of Internal Revenue under authority of Concentration Act Feb. 17, 1922 (Comp. St. Ann. Supp. 1923, § 6059a), have force and effect of law.

2. **Internal revenue 🔑24—Proprietor of concentration warehouse after adjustment of commercial arrangements may not arbitrarily refuse to sign as consignor form necessary to removal.**

Under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and Concentration Act Feb. 17, 1922 (section 6059a), and regulations pursuant thereto, particularly section 914, and Pro-Circular No. 240 of August 21, 1923, after holder of warehouse receipts covering whisky has adjusted the "commercial arrangements" between him and proprietor of warehouse by payment of charges due, proprietor may not arbitrarily refuse to sign as consignor Form 1410-Revised, a condition precedent to removal from one concentration warehouse to another.

3. **Injunction 🔑5—Holder of warehouse receipts covering whisky held without remedy at law and entitled to mandatory injunction requiring warehouseman to sign forms necessary for removal.**

A holder of warehouse receipts covering whisky, on refusal of warehouseman to sign

forms necessary to removal, *held* without adequate remedy at law and entitled to mandatory injunction.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by Julian Simon, Ira Simon, and Herbert Simon, copartners doing business as J. Simon & Son, against the Frankfort Distillery, Incorporated. From decree of dismissal, plaintiffs appeal. Reversed and remanded for further proceedings.

Charles A. Houts, of St. Louis, Mo. (Thos. D. Slattery, of Cincinnati, Ohio, and D. J. O'Keefe and Charles A. Houts, both of St. Louis, Mo., on the brief), for appellants.

A. J. Carroll, of Louisville, Ky. (Leslie W. Morris, of Frankfort, Ky., on the brief), for appellee.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. In 1915, 1916, and 1917, the Frankfort Distillery, Inc., issued for full value, to J. Simon & Sons, warehouse receipts for a large quantity of whisky. These warehouse receipts were issued in conformity with the warehouse laws of the state of Kentucky and the United States, in force at that time, and provided, among other things, that the whisky should be delivered upon the return of the receipt, the written order of holder thereof, and on payment of United States government taxes and all other taxes and storage and tax on storage at the rate of five cents per barrel per month from date of entry into bond. The appellants are still the owners and holders of a number of these warehouse receipts covering in the aggregate 1,013 barrels of whisky, which are still in the warehouse of the Frankfort Distillery.

The National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), which became a law some time thereafter, provided in terms that these warehouse receipts might be bought and sold, but that no whisky could be withdrawn thereon from the distillery warehouse except by a wholesale or retail druggist holding permits for such withdrawal.

On February 17, 1922, Congress passed what is known as the Concentration Act (Comp. St. Ann. Supp. 1923, § 6059a). Under the power conferred upon him by this act, the Commissioner of Internal Revenue adopted and promulgated regulations providing the manner in which whisky might be removed from one warehouse to another. Treasury decision 3351, issued on June 16, 1922, and the subsequent modifications of that decision.

In the exercise of the power conferred by the act of February 17, 1922, and in conformity with the regulations promulgated by him, the Commissioner of Internal Revenue established the internal revenue bonded warehouse of the Security Warehouse & Investment Company, located at St. Louis, Mo., as a concentration internal revenue bonded warehouse. Application was made by the appellant for the transfer of this whisky covered by these certificates from the warehouse of the Frankfort Distillery, Inc., to the concentration internal revenue bonded warehouse of the Security Warehouse & Investment Company. The required bonds were given and approved; the applications were granted and permits to transfer this whisky were issued on the 28th day of November, 1922, which permits expired in 60 days from their date. The appellees, however, refused to consent to the delivery and transfer of this whisky. Alias permits were issued on the 11th day of August, 1923, which permits also expired in 60 days from their date, but the Frankfort Distillery, Inc., still refused to consent or to permit this whisky to be removed from its warehouse. These permits expired on the 11th day of October, 1923.

After the issuance of the first permits to transfer and remove this whisky from the distillery warehouse of defendant to the concentration warehouse of the Security Warehouse & Investment Company of St. Louis, Mo., and on the 16th of December, 1922, the Commissioner of Internal Revenue established and designated the distillery warehouse of the Frankfort Distillery, Inc., as a concentration warehouse.

Section 914 of the regulations adopted and promulgated by the Commissioner of Internal Revenue reads as follows: "Where it is desired to remove distilled spirits in bond from one concentration warehouse to another, the director may issue permit to purchase, Form 1410A, only upon the condition that the application, Form 1410, is signed by both consignor and consignee warehousemen, unless such removal is specifically directed by the Commissioner."

On September 21, 1923, Pro-Circular No. 240 was issued. This circular reads as follows: "Your attention is directed to the fact that the bureau does not desire and will not consent to removal in bond of distilled spirits from one concentration ware-

house to another except under the following condition: Where it is desired to remove distilled spirits in bond from one concentration warehouse to another the Federal Prohibition Director may issue permit to purchase, Form 1410A, only upon the condition that the application, Form 1410-Revised, is signed by both consignor and consignee warehousemen."

The Frankfort Distillery has refused, and still refuses to consent to the transfer. of this whisky to the concentration warehouse of the Security Company, and has refused and still refuses to sign as consignor the application Form 1410-Revised. This action was brought by appellants for a mandatory injunction ordering . and directing the Frankfort Distillery to give its consent and to sign such application. The District Court refused to grant the relief asked and dismissed the bill of complaint at cost of appellants.

Since the establishment of the Kentucky distillery warehouse as a concentration warehouse, section 914 of the regulations and Pro-Circular No. 240 have direct application to the transfer of this whisky from appellee's concentration warehouse to another concentration warehouse. For this reason, Stiles et al. v. Simon et al., 290 F. 865, recently decided by this court and cited by appellants, has no application to the questions presented under this section of the regulation and circular.

We need not consider in this case whether section 914 of the regulations would be void either as unreasonable or as violative of constitutional rights if it conferred upon the proprietor of the holding warehouse the power to prevent the owner from removing his distilled spirits to another concentration warehouse and afforded opportunity to the proprietor of the holding warehouse to exact excessive storage, bottling, and handling charges, and to withhold consent thereto arbitrarily and for the purpose of private gain. It does not give such power. On the contrary, it reserves to the Commissioner the right specifically to direct the removal without such consent. As the Commissioner is not a party to this proceeding, we express no opinion as to the extent of such reserved right or the power of the court in any way to control its exercise.

In a letter to Mr. Newton, dated October 16, 1923, the Commissioner of Internal Revenue has clearly stated his reasons for adopting and promulgating rule 914 of the regulations in this language: "There are certain commercial arrangements to be made between a warehouse receipt owner and the proprietor of the warehouse in which his spirits are stored, in connection with a transfer to another warehouse, and Pro-Circular No. 240 in effect provides merely that these matters should be adjusted before the permit to transfer is issued." It is therefore clear that the Commissioner did not, by this regulation, intend to vest in the proprietor of a concentration warehouse an arbitrary right to refuse to consent to such transfer if the owner of the warehouse receipt was ready, willing, and able to adjust these "commercial arrangements" and pay to the proprietor of the warehouse whatever charges were then due him.

While the Commissioner of Internal Revenue has not specifically directed the removal of this whisky, nor has the director issued the permit, nevertheless the bonds required for its removal have been furnished and approved by the collector of the First collection district of Missouri, transmitted to the Prohibition Commissioner of Washington, D. C., and notice of the approval of these bonds has been sent to the collector of the Kentucky district.

It is made to appear by the evidence offered in this case that the failure of the Commissioner either in person or by or through the Federal Director to approve this application and to issue the permit is based solely upon the refusal of the distillery company to consent to the transfer and to sign the application, and that if such consent is obtained, the permits will issue. It also further appears that the Internal Revenue Department "has endeavored to extend to warehouse receipt owners such relief as is consistent with an efficient administration of the law by permitting bonds to be executed and application to be filed by them for removal to such concentration warehouses as they select. Many applications were filed and many permits issued and confirmed for transfer of spirits on behalf of the owner between concentration warehouses."

It is further claimed on behalf of the appellant that the appellee under the terms of its contract, as evidenced by the warehouse receipts, has not the right to withhold arbitrarily its consent to such transfer if all lawful charges are paid and proper bond given, releasing it from all further liability for taxes due to the United States or the state of Kentucky.

In reply to the claim made by Mr. Newton that "such a ruling grants a monopoly to distillers whose distillery warehouses have been designated concentration warehouses,"

the Commissioner, in his letter to Mr. Newton, of October 16, 1923, made this statement: "This office is unable to concur in your view in this respect. The relation between the proprietor of the distillery warehouse and the owner of the spirits stored in his warehouse has always been a contractual one and the rights of a warehouse receipt owner with respect to the spirits covered by such receipts were determined by the warehouse receipt itself."

This, we think, is a clear, distinct, and logical statement of law applicable to this question. Under the express terms and condition of these warehouse receipts, the owner was entitled to have the distilled spirits evidenced thereby delivered on the return of the warehouse receipt, the written order of the holder thereof, and upon payment of United States government tax and all other taxes and storage and taxes on storage.

[1] The National Prohibition Act, the Concentration Act, and the rules and regulations adopted and promulgated by the Commissioner of Internal Revenue in furtherance of the Concentration Act, do not destroy the contractual relation of these parties, nor do they in any way impair or modify this contract except in so far as its terms and provisions may be inconsistent therewith. This inconsistency relates solely to the question of delivery. Under the National Prohibition Act, the distilled spirits cannot be withdrawn from appellee's warehouse except by a wholesale or retail druggist. Under the regulations adopted and promulgated by the Commissioner of Internal Revenue as authorized by the Concentration Act, which regulations have the force of law, distilled spirits may be removed from one concentration warehouse to another when specifically directed by the Commissioner, or when the application Form 1410-Revised is signed by both consignor and consignee and permit is issued upon such application. The consignor has signed an application, bond has been given as required by the Concentration Act, and the appellee is fully protected from any liability to the government or to the state of Kentucky by the terms and provisions of this bond. Stiles et al. v. Simon et al., supra. The owner and holder of the warehouse receipts are ready and willing to adjust their "commercial relations" with the consignee and to pay all charges accruing under the provision and terms of the warehouse receipts and the law in reference thereto.

[2] There is no other provision of law that prevents the Frankfort Distillery from complying with the terms of its contract to deliver this whisky upon the return of its warehouse receipt, upon the order of the holder thereof to any person who is legally entitled to receive it and transfer it under the provisions of the National Prohibition Act, the Concentration Act, and the regulations prescribed by the Commissioner. Its refusal so to do is a clear violation of the express terms of its contract. While the contract written into the warehouse receipts does not in terms require the Frankfort Distillery to sign any application for permits for the removal of this whisky from its warehouse, nevertheless these contracts were written before the passage of the National Prohibition Act, the Concentration Act, and the promulgation of the rules prescribed by the Commissioner in furtherance of the Concentration Act. These laws and regulations have so modified and limited the right of the holder of the warehouse receipt to demand and the right of the proprietor of the warehouse to make delivery, that it is only fair and equitable to the holder of the warehouse receipts that the warehouseman should be required to comply with the provision of these laws and regulations in so far as may be necessary upon his part to make lawful delivery, and especially so when these provisions are in no sense burdensome to him, involve no expenditure on his part, and deprive him of no profits to which he is entitled under the law or the contract.

[3] This court is further of the opinion that the appellants have no adequate remedy at law for the breach of this contract by the appellee and that they are entitled to a decree for specific performance requiring the Frankfort Distillery, Inc., to consent to this transfer and sign this application, and, if permit is then issued thereon by the Commissioner or Federal Director, to consent to the transfer and removal of this whisky from its warehouse to the warehouse of the Security Warehouse & Investment Company of St. Louis, upon the payment to it of all just claims for taxes and storage other than the taxes and claims from the payment of which appellee is expressly relieved by the bonds approved by the collector.

The decree of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.